**Charlotte C. JONES et al., Appellants,**

v.

**Sylvia SKILES, Appellee.**

Court of Appeals of Kentucky.

Nov. 8, 1968.

John G. Crutchfield, Jones, Ewen, Mac-Kenzie & Peden, Louisville, for appellants.

Lawrence S. Grauman, Joe G. Leibson, Louisville, for appellee.

JAMES M. LASSITER, Special Commissioner.

This suit grows out of an automobile accident which occurred on Taylor Boulevard in the city of Louisville on November 11, 1965. Both automobiles were proceeding north in a slow-moving line of traffic when children in the rear seat of appellant's car momentarily diverted her attention. The diversion apparently caused appellant's foot to slip off the brake and permitted her car to collide with the rear of appellee's automobile. As is common in such cases, the damage to each automobile was slight, but appellee received a "whiplash" injury to her neck and upper part of her back, as well as injuries of less serious proportions to her stomach. The force of the rear-end collision was sufficient to throw appellee's body across or against the steering wheel of her car. Appellee experienced headaches and dizziness shortly after the accident, and her injuries were severe enough to require the attention of her regular physician on the day following the accident. At that time, the physician immediately referred her to an orthopedic specialist. She was confined in a hospital for a period of five days and, upon discharge, was thereafter intermittently required to use traction appliances on an out-patient basis.

The work history of appellee indicates that she was regularly employed as a secretary, and her injuries totally incapacitated her for approximately three weeks following the accident. There was evidence that her injuries thereafter required her to abstain from work for numerous periods of an hour or two for which she was not penalized by her employer. Appellee testified that she was continuing to have pain in the upper part of her back on the date of the trial, which was some fifteen months after the accident.

The orthopedic specialist who treated appellee testified that there was X-ray confirmation of the injury to her upper back and neck as evidenced by calcification in the area of injury. The physician described this condition of the affected ligament as "permanent", that it was an objective explanation of appellee's continuing to experience persistent and recurring

pain, and opined that it represented a permanent source of irritation.

The special damages proved by appellee consisted of $195 in lost wages, $430.12 in medical, and $58 in property damage to her automobile, or a total of $683.12. The jury made an award of $8,123.12.

 Among the reasons assigned by appellants to reverse the judgment are that the evidence was insufficiently certain and definite to authorize a permanent injury instruction and that the award as made by the jury is excessive. It is difficult for us to see how the testimony of the attending orthopedic specialist could have been more certain and definite as to the nature and permanency of appellee's condition. The evidence in the case, especially when uncontradicted by any sort of conflicting medical proof, would seem to more than satisfy the prerequisites for an instruction on permanency as set forth by this court in Rogers v. Sullivan, Ky., 410 S.W.2d 624 (1966). It is, likewise, our opinion that the amount of the verdict is not so palpably excessive as to indicate it was given under the influence of passion or prejudice of the jury or should be set aside under any of the other standards or guidelines heretofore set by this court.

Appellants assign another ground for reversal which is both novel and interesting. They earnestly contend that the verdict of the jury should not be allowed to stand because of the personal physical circumstance of one of the jurors which was not revealed on voir dire examination and was not discovered or known by appellants until after the verdict was rendered and prior to the filing of their motion and grounds for a new trial. The transcript of evidence indicates that the trial judge initially apprised the panel of prospective jurors as to the parties involved, the place and date of the automobile accident and the nature of the claims asserted in the lawsuit. Inquiry was then made of the panel, "Have you or any members of your family ever had a claim for damages involving a motor vehicle collision? Have you ever had a claim against anybody?" Several members of the panel made affirmative indications in response to these questions; and some additional interrogation or discussion in the presence of the entire panel was then had between the court, attorney for appellee and jurors who had answered in the affirmative. One juror who was ultimately selected to serve on the trial jury remained silent throughout the voir dire examination. After the verdict was returned, attorney for appellants discovered that the juror who had remained silent had been injured in the course of his employment almost exactly one year prior to the date of the trial, that he had been continuously disabled since the date of his injury, and that he was receiving workmen's compensation benefits at the time he served as a juror in this case. Affidavits and counter-affidavits from the juror in question, the insurance representative paying the workmen's compensation benefits, and attorneys participating in the case are included in the record showing these facts. The affidavits further show that the verdict rendered by the jury was unanimous and that the juror in question exercised no influence in attempting to return a more substantial verdict. There is no contention that the work-connected injury of the juror in question was in any manner related to an *automobile* accident.

 Quite aside from the propriety or impropriety of attempting to impeach the verdict of the jury by an after-acquired affidavit of a juror, we find no basis for appellants' contention that this juror improperly withheld information in response to inquiry of the panel as made by the trial judge or appellee's attorney. The whole tenor of the voir dire examination indicates that information was requested of any member of the panel who had been in an *automobile* accident or who had claims of themselves or any member of their family growing out of an *automobile* accident. If appellants' attorney desired to question members of the panel concerning whether

they had ever received or were then receiving disability benefits under the workmen's compensation laws of this state, he had a complete right to do so and, if he chose, to peremptorily excuse any such juror. We find no precedent, and appellants fail to cite any to us, to justify the setting aside of a jury verdict on the ground that, *ipso facto,* probable bias of a juror exists when he is receiving workmen's compensation benefits while sitting as a member of the jury considering a personal injury claim.

Other contentions are made by appellants concerning continuance of the case from the date on which it was tried, but we find no abuse of discretion by the trial judge in this regard. Suffice it to say we are convinced that the issues were fairly tried, the jury properly chosen and instructed, and that upon the whole case the verdict of the jury was fair and justified.

The judgment is affirmed.

Montgomery, C. J., and Hill, Milliken, Palmore, Steinfeld and Williams, JJ., concur.